# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ALABAMA NORTHEASTERN DIVISION

| | | |
|---|---|---|
| 1818 FARMS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action no: 5:18-CV-00135-HNJ |
| | ) | |
| v. | ) | |
| | ) | |
| Plum Island Soap Company, LLC | ) | |
| | ) | |
| Defendant | ) | |

## AFIDAVIT OF DAVID HERLIHY

I, David Herlihy, on oath, do depose and state the following:

1. I first contacted 1818 Farms in a letter, dated October 11, 2017 (the "Initial Demand Letter"), wherein I demanded, on behalf of my client, that 1818 Farms cease and desist using the designation "Man of the Farm Grooming Can" and/or the Trade Dress, and other confusingly similar names, designations and/or trade dress, and advised 1818 Farms that Plum Island would assert its rights, including seeking injunctive relief, recovery of profits, assessing multiple damages and costs thereof (including reasonable attorney fees) in the event that 1818 Farms did not comply with such demands on or before on or before 5PM (EST) Friday, October 27, 2017. *(Exhibit G)*.

2. On December 7, 2017, Jeffrey Baker and I spoke on the phone with Jon Holland, counsel for 1818 Farms. It was clear to me that attorney Holland had conducted some background research into Plum Island, including a review of the records at the United States Patent and Trademark Office with regard to the Man Can Registration. Attorney Holland never indicated that he believed that the Man Can Registration was invalid, or procured by fraud, but instead indicated a willingness for his client to change its trade dress and trade mark usage in order to settle this matter.

3. ***The 1818 Memo Omits any Meaningful Reference to Almost Three Months of Substantive Negotiation Between the Parties Subsequent to 1818 Farms' receipt of the initial Demand Letter.***

The material omissions in the 1818 Memo include the following:

a. <u>*Five Separate Forbearances by Plum Island*</u>. During the almost three months of substantive negotiation between the parties glossed over in the 1818 Memo, Plum Island forbeared from filing the Massachusetts Action on five separate occasions:
   - On Friday, October 27, 2017, ("First Litigation Forbearance").
   - On December 6, 2017, ("Second Litigation Forbearance").
   - On December 29 2017, ("Third Litigation Forbearance").
   - On January 5, 2018, ("Forth Litigation Forbearance")
   - On January 19, 2018 ("Fifth Litigation Forbearance")

b. <u>*Second Demand Letter*</u>. On December 1, 2017, I sent 1818 Farms a second demand letter, reiterating the terms of the Initial Demand Letter, including the offer to enter into a Settlement and Release ***without the assessment of any monetary damages*** and providing a compliance deadline of Friday, December 8, 2017, 5:00 PM EST (the "Second Demand Letter"). *("Exhibit H).*

c. <u>*Material Terms Acceptance Letter*</u>. On January 5, 2018 Jon Holland, counsel for 1818 Farms, drafted and sent to us a Material Terms Acceptance Letter, whereby 1818 agreed (i) to acknowledge the validity of Plum Island Soap Company's Trade Dress, (ii) to be ***permanently enjoined*** from all further use of the Trade Dress and Man Can Mark and any other designations likely to cause confusion with Plum Island's Trademarks and Trade Dress, and (iii) ***in the event 1818 Farms violates the injunction against the use of the Plum Island IP, or if Plum Island has to enforce the terms of the Settlement Agreement, 1818 Farms will be responsible for all costs and attorney's fees incurred by***

*Plum Island Soap Company, including a liquidated damages payment of seventy-five thousand dollars ($75,000.00).* (Exhibit C);

d. <u>**Third Demand Letter**</u>. On December 22, 2017, Plum Island counsel offered a settlement demand (the "Third Demand Letter"), which provided inter alia,
- 1818 Farms will tender a lump sum payment of fifteen thousand dollars ($15,000.00), payable to the Plum Island Soap Company;
- 1818 Farms will acknowledge the validity of Plum Island Soap Company's Trade Dress ("Trade Dress");
- 1818 Farms will agree to be permanently enjoined from all further use of the Trade Dress and Man Can trademark and any other designations likely to cause confusion with Plum Island Soap Company's trademarks and Trade Dress ("Plum Island IP");
- in the event 1818 Farms violates the injunction against the use of the Plum Island IP, or if Plum Island has to enforce the terms of the settlement agreement, 1818 Farms will be responsible for all costs and attorney's fees incurred by Plum Island Soap Company, including a liquidated damages payment of seventy-five thousand dollars ($75,000.00)
- *The Third Demand Letter also provided, "In the absence of an agreement concerning the same, we are left with no choice but to promptly commence suit, seeking, inter alia, recovery of damages, attorneys' fees, and also the grant of permanent injunction prohibiting any further use of any confusingly similar mark or trade dress."* (Exhibit I);

e. <u>***Electronic Mail from Jeff Baker***</u>. On January 17, 2018, Plum Island counsel rejected the amount of the payment in the Material Terms Acceptance Letter and sent an electronic mail message to counsel for 1818 Farms stating, "unless your client changes its mind on this amount immediately, the matter will shortly be put in suit and the settlement demand will increase substantially." *(Exhibit J);*

f. *Conference Call/ Meeting of the minds on all essential terms and obligations of an enforceable Settlement Agreement*. On January 19, 2018, counsel for the parties conducted a conference call *wherein the parties agreed to all of the material terms of the Third Demand Letter which included the payment by 1818 Farms of fifteen thousand dollars ($15,000.00), and added McCrary as a party ("Settlement Agreement")* (Exhibit A);

g. *Electronic Mail Settlement Agreement Confirmation*. On January 19, 2018, 6:04 pm (EST) I sent an electronic email to 1818's attorney Jon Holland, confirming that the parties had agreed to the material terms of the Settlement Agreement, and referencing the upcoming long form Settlement Agreement to memorialize the agreed-upon terms. **Jon Holland, counsel for 1818 Farms did not dispute that the parties had accepted all of the material terms and conditions of an enforceable Settlement Agreement** *(Exhibit A);*

h. *Long Form*. On Monday, January 22, 2018, counsel for Plum Island forwarded the Long Form to counsel for 1818 Farms, which incorporated the agreed-upon material terms of the Settlement Agreement along with standard boiler plate provisions typically contained in settlement agreements, and included *a Consent For the Entry of Judgment and Permanent Injunction Proposed Order*. *(Exhibit D)*

i. *Redline of Long From 1818 Farms*. On Thursday, January 25, 2018, counsel for 1818 Farms sent to Plum Island's counsel via email its first and only substantive response to the Long Form, including redlined and clean versions to the Long Form. Although counsel for 1818 Farms redlined other provisions in the Long Form, 1818 Farms did not challenge the Massachusetts Choice of Law or Venue Provisions. *(Exhibit B)*

4. 1818 Farms never challenged that the injunction was a material term of the Settlement Agreement until the night before they filed the Alabama Action. The agreement to be enjoined and the injunction were material terms of the Settlement Agreement. 1818 Farms never challenged the scope of the injunction or even challenged that the injunction was a material term of the Settlement Agreement, until the night before they filed the

Alabama Action. 1818 Farms simply reversed their position on this material term of the Settlement Agreement on the night before the filed the Alabama Action.

5. At 10:00 am (EST) On February 1, 2018, Jeffrey Baker and I engaged in a conference call with Jon Holland and Walter A. Dodgen, counsel for 1818 Farms, wherein Jeffrey Baker carefully explained the accommodations and clarifications Plum Island was willing to make to 1818 Farms which were intended to provide sufficient comfort to 1818 Farms that Plum Island would not do anything rash with the agreed upon judgment, namely: (i) the inclusion of a forty five (45) day cure period for 1818 Farms to cure any alleged breach of the Settlement Agreement; (ii) a Filing Notice Period of thirty (30) days from PISC's written notice to 1818 Farms of Plum Island's intention to submit the Agreed Upon Judgment to the Court for filing; and (iii) a provision for attorney's fees to be paid to the prevailing party which clearly would be awarded to 1818 Farms for any type of bad faith filing by Plum Island. In addition, counsel for Plum Island explained that *although the Long Form was a "cookie cutter" form that Plum Island had used to settle previous trademark infringement disputes, Plum Island had never in fact had to file such Consent For the Entry of Judgment and Permanent Injunction Proposed Order in any previous case* and that a frivolous filing of the Consent in the instant case would subject Plum Island to liability for attorney's fees as well as expose Plum Island's counsel to a potential Rule 11 Sanctions.

6. Less than one hour after the conclusion of the purported negotiation conference call, 1818 Farm's counsel emailed Plum Island the Alabama Action complaint, *which had been filed six (6) days earlier.* This notification was the first time that Plum Island's counsel became aware of the previously-filed suit. (*Exhibit E)*

180307_2                                                    5

Signed this 7th day of March under the pains and penalties of perjury.

_____

David Herlihy, Esquire