Exhibit F
Baker Email January 30, 2018 1:55 pm

-------- Original Message --------
Subject: 1818 Farms
From: bakerlaw@aol.com
Date: Tue, January 30, 2018 1:55 pm
To: jholland@maynardcooper.com
Cc: david@herlihylaw.com

Jon---

In your January 5, 2018 letter, you agreed that 1818 will be "permanently enjoined from all further use of the Trade Dress and Man can trademark" and "any other designations likely to cause confusion with Plum Island Soap Company's trademarks and Trade Dress ("Plum Island IP").

An injunction is required in order for one to be permanently enjoined.

Law Dictionary defines "enjoin" as "To require a person, by writ of injunction from a court of equity, to perform, or to abstain or desist from, some act Clifford v. Stewart, 95 Me. 38, 49 AU. 52; Lawrence v. Cooke, 32 Hun, 120.

The issuance of an injunction requires a likelihood of success on the merits, which in a trademark case requires a determination of a "likelihood of confusion".  Thus, for the purpose of obtaining the injunction through filing the Consent, we need acknowledgement of the likelihood of confusion. Otherwise, our client only has is the right to seek the injunction. This is not what we agreed to.

We have every expectation that 1818 Farms will abide by the terms and conditions of the Settlement, but we need the opportunity to file the Consent Judgment in the event your client fails to do so.

If 1818 Farms keeps its word, the form of the Consent Judgment is moot.

Our last redline included Filing Notice Period language in Section 11 to provide 1818 Farms an opportunity of thirty (30) days to raise any objections prior to any such Filing. We would be open to your suggestion of additional language for inclusion into Section 11 to clarify the process during the Filing Notice Period.

In addition, our acceptance of your provision for attorney's fees for the prevailing party would also grant you further protection for any attempt at a bad faith filing of the preliminary injunction. We consider this provision to be material to the settlement agreement which we understood you had already agreed to.

We look forward to discussing this matter with you tomorrow morning.

Jeff

--

-----Original Message-----
From: bakerlaw <bakerlaw@aol.com>
To: JHolland <JHolland@maynardcooper.com>
Sent: Mon, Jan 29, 2018 3:46 pm
Subject: Re: 1818 Farms

John-- We can compromise on the language that you might find objectionable. We will not compromise on the structure of settlement. The Agreement for Judgment is essential to the settlement and makes any remedy easy in the case of a violation. We have afforded you an opportunity to object before any consent judgment is entered From our prospective, that is ample protection and more than we typically provide to anyone that finds themselves in the position that your client does. Your client's refusal to agree to this provision which is not unusual in settlements raises concerns.

   Let me know if this is a dead end.

regards,

Jeff Baker


-----Original Message-----
From: Jon Holland <JHolland@maynardcooper.com>
To: bakerlaw <bakerlaw@aol.com>
Sent: Mon, Jan 29, 2018 2:56 pm
Subject: RE: 1818 Farms


Mr. Baker,

I have received your revisions to the Settlement Agreement.  We can accept your changes to the Settlement Agreement except for the revisions in Section 11.  Our client is not agreeable to any provision that gives your client the discretion to file a Consent Judgment or that requires 1818 Farms to admit or agree that a likelihood of confusion exists.  Please let me know how you would like to proceed.

Jon