# Exhibit G
## Initial Demand Letter October 11, 2017

# LAW OFFICE OF DAVID HERLIHY

14 STANIFORD STREET<br>NEWTON, MASSACHUSETTS 02466

COPYRIGHT  PHONE (617) 964-4006

TRADEMARK  FACSIMILE (617) 964-4016

ENTERTAINMENT  E-MAIL david@herlihylaw.com

**VIA CERFIFIED MAIL/RETURN RECEIPT REQUESTED**

**ELECTRONIC MAIL**

Natasha McCrary                                   October 11, 2017
1818 Farms
24889 Lauderdale Street
Mooresville, AL 35649
info@1818farms.com

Dear Ms. McCrary,

    This office is intellectual property counsel, and Baker and Associates is litigation counsel to The Plum Island Soap Company. As you may know, from at least as early as March 2004, our client has adopted and has been using the trademark "THE MAN CAN" ® in connection with toiletries, together with distinctive can trade dress, featuring a vertical cylindrical vessel with a flat bottom and a sealed top or lid acting as a container (the "Trade Dress").

    Our client also obtained a federal registration of its MAN CAN ® trademark on the Principal Register of the United States Patent and Trademark Office, Registration No. 3833999. This registration was issued on August 17, 2010 and is currently in full force and effect. For your reference, I enclose/attach a copy of this registration record.

    During these past thirteen years, our client has expended significant time, money, and effort to establish public recognition of its THE MAN CAN ® trade mark and Trade Dress packaging as identifying The Plum Island Soap Company as the source of high quality toiletries.

Natasha McCrary
10/11/17
Page 2

Our client has used THE MAN CAN® trademark together with the Trade Dress in advertising and promoting its sale of these products throughout the United States and internationally as well. As a result of these efforts, our client has established substantial consumer recognition of, and good will in the trademark THE MAN CAN® and Trade Dress, and these properties have become our client's valuable assets.

It has recently come to our client's attention that you are utilizing the name "Man of the Farm Grooming Can" and the Trade Dress in connection with men's toiletries, body wash, lotion and bar soap, including on your website:
https://store.1818farms.com/collections/gift-baskets/products/4150
and on Etsy.com at
https://www.etsy.com/listing/211991952/man-of-the-farm-grooming-can?ref=shop_home_active_8

Your uses "Man of the Farm Grooming Can" designation and Trade Dress in connection with toiletries, are substantially similar as to appearance, sound, connotation and commercial impression to our client's THE MAN CAN® trademark and Trade Dress. Consequently, the purchasing public is likely to be confused, and such use is likely to cause mistake or to deceive the public as to the source or origin of the respective goods.

We maintain that your use of the designation "Man of the Farm Grooming Can" and the Trade Dress constitutes trademark infringement, unfair competition, unfair and deceptive trade practices, and false designation of origin, and is a violation of state and federal law, including without limitation, The Lanham Act, 15 U.S.C. § 1125(a)§43(a).

You should be aware that remedies for successful claims of trademark infringement and unfair competition range from injunctions to multiple damages, including costs and fees.

Natasha McCrary
10/11/17
Page 3

    Under the circumstances, I have no choice but to demand on behalf of our client that you cease and desist at once using the designation "Man of the Farm Grooming Can" and/or the Trade Dress, and other confusingly similar names, designations and/or trade dress.

    We further demand that you promptly recall all samples using the designation "Man of the Farm Grooming Can" and/or the Trade Dress, and other confusingly similar names, designations, and/or trade dress in trade, including, without limitation, brochures, flyers, advertisements and web sites.

    Finally, we demand that you promptly inform in writing all vendors with which you do business, including, without limitation, retailers, wholesalers, resellers, catalogers, and publications in which advertising referencing the designation "Man of the Farm Grooming Can" and the Trade Dress have appeared, that you will no longer use such designations and that your company is in no way associated with my client.

    You should be aware that our client vigorously defends its intellectual property rights. For your reference, enclosed/attached herewith please see a copy of a permanent injunction issued in 2013 in the United States District Court, District of Massachusetts in another instance where a vendor infringed on our client's THE MAN CAN® trademark and Trade Dress.

    Your cooperation will certainly be appreciated by our client and will be a factor in how far our client need press this matter. This dispute can be concluded very quickly, possibly without the assessment of any monetary damages or lost profits, if you promptly and fully comply with this cease and desist demand.

Natasha McCrary
10/11/17
Page 4

    Please let me have your written assurances on or before 5PM (EST) Friday, October 27, 2017 that you will comply with the foregoing demands. This is not to say that you shall have accomplished all these things by 5PM (EST) Friday, October 27, 2017, only that you will promise to do so by that date.

    If, on the other hand, you fail to so advise me by 5PM (EST) Friday, October 27, 2017, I shall advise our client, without further notice to you, to take such legal steps as it deems advisable to assert its rights, including seeking injunctive relief, recovery of profits, assessing multiple damages and costs thereof (including reasonable attorney fees), and otherwise to protect its interests.

    The foregoing is not intended to constitute a complete or exhaustive statement of all facts, rights or claims relating to this matter, nor is it intended, nor should it be construed as a waiver, release or relinquishment of any of our client's rights or remedies, whether legal or equitable, all of which are hereby expressly reserved.

    We hope we can resolve this matter amicably, and look forward to receiving your assurances promptly.

                              Very truly yours,

                                David Herlihy

DAH/me
ENC./ATT.

cc   Michele A. Diodati-Ulchak (via electronic mail)
      Jeffrey Baker, Esq. (via electronic mail)

# United States of America
## United States Patent and Trademark Office

# THE MAN CAN

**Reg. No. 3,833,999**

**Registered Aug. 17, 2010**

**Int. Cl.: 3**

**TRADEMARK**

**PRINCIPAL REGISTER**

ULCHAK, MICHELE A. (UNITED STATES INDIVIDUAL), DBA PLUM ISLAND SOAP COMPANY
205 NORTHERN BLVD.
NEWBURYPORT, MA 01950

FOR: BAR SOAP; BATH GEL; BATH OIL; BATH OILS FOR COSMETIC PURPOSES; BATH SOAPS; BATH SOAPS IN LIQUID, SOLID OR GEL FORM; BODY AND BEAUTY CARE COSMETICS; BODY CREAM SOAP; COCOA BUTTER FOR COSMETIC PURPOSES; COSMETIC SOAPS; COSMETICS IN THE FORM OF MILKS, LOTIONS AND EMULSIONS; GIFT BASKETS CONTAINING NON-MEDICATED BATH PREPARATIONS AND COSMETIC PREPARATIONS; HAND SOAPS; LIQUID BATH SOAPS; LIQUID SOAPS FOR HANDS AND FACE; MEDICATED SOAP; NON-MEDICATED TOILETRIES; OILS FOR COSMETIC PURPOSES; OILS FOR TOILETRY PURPOSES; SHAVING SOAPS; SOAPS FOR BODY CARE, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 3-1-2004; IN COMMERCE 3-1-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 77-832,731, FILED 9-23-2009.

MARY CRAWFORD, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PLUM ISLAND SOAP COMPANY, LLC )<br>Plaintiff )<br>)<br>v. )<br>)<br>DANIELLE AND COMPANY, INC, a )<br>Pennsylvania Corporation, and )<br>DANIELLE KELLY FLEMING )<br>Defendants )<br>) | ) Civil Action No. 1:11-CV-11033-NMG |

**PERMANENT INJUNCTION**

1. Danielle and Company, Inc., Danielle Fleming individually or any other company in which Danielle Fleming has or shall have any legal or equitable right or interest, are hereby permanently **ENJOINED** from selling, marketing, advertising, distributing, or otherwise placing into commerce any of its products in trade dress or other packaging which consists of paint cans, and is further enjoined from marketing, advertising, distributing or otherwise calling any of its products any name similar to the Man Can, including, but not limited to, the Manly Man Can, "The Classic Man Can", "The Naked Man Can", "the Manly Man", The Classic Man", "The Modern Man" or the "Modern Man Can" of any type, description or nature, or any other confusingly similar name with respect to any of their products. This limitation and restriction shall apply to any colored label used by Danielle and Company, Inc. with its different versions of its Man Can and paint can trade dress and packaging.

2. None of the cans or packaging described in paragraph one hereinabove shall be deemed to include any of the "Man Can" products originally distributed by Danielle And Company, Inc. that were packaged in paint cans which were previously sold by Danielle and Company, Inc. during such period from December 2008 to and including November 2010, and which may be currently offered for sale by a third party.

This permanent injunction shall last in perpetuity.

**SO ORDERED.**

5/29/13

*Nathaniel M. Gorton*
( Gorton, J.)
United States District Judge