

FILED
2018 Mar-07  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

Exhibit H
Second Demand Letter December 1, 2017

# LAW OFFICE OF DAVID HERLIHY

14 STANIFORD STREET
NEWTON, MASSACHUSETTS 02466

PHONE (617) 964-4006

FACSIMILE (617) 964-4016

E-MAIL david@herlihylaw.com

COPYRIGHT

TRADEMARK

ENTERTAINMENT

**ELECTRONIC MAIL**                    December 1, 2017

Jon E. Holland                **Offer of settlement and**
Maynard Cooper Cale           **compromise; inadmissible**
655 Gallatin Street SW        **in any court of law and**
Huntsville, AL 35801          **subject to the rules of**
www.maynardcooper.com         **exclusion.**
jholland@maynardcooper.com

Dear Jon,

   I am in receipt of your letter of October 27, 2017, and I
have had an opportunity to review same with my client, the Plum
Island Soap Company ("PISC") and my co-counsel, Jeffrey Baker.
This letter is offered under Federal Rules of Evidence § 408 and
is not admissible in evidence.

   After a careful review of your response, we maintain that
the use by 1818 Farms of "The Man of the Farm Grooming Can" and
the associated paint can trade dress in connection with
toiletries infringes on our client's "THE MAN CAN" ® Mark (US.
Reg. 3,833,999) and Trade Dress, and is likely to cause
confusion, or to cause mistake, or to deceive the public as to
the source or origin of the respective goods.

   It is well established that determining the similarity or
dissimilarity of trademarks must be done in their entireties as
to appearance, sound, connotation and commercial impression.
Thus, your efforts to parse the individual elements of "Man of
the Farm Grooming Can" and "The Man Can" in order to draw a
purported distinction between the respective overall commercial
impressions are unpersuasive.

   1818 Farms appropriates our client's mark in its entirety,
and merely adds the words "of" "Grooming" and "Farm". Moreover,
1818 Farms utilizes the identical paint can Trade Dress for the
same goods. This use by 1818 Farms of the "Man of the Farm
Grooming Can" designation and Trade Dress in connection with
toiletries are substantially similar in their entirety as to the

Jon E. Holland
12/1/17
Page 2

appearance, sound, connotation and commercial impression to our
client's THE MAN CAN® trademark and Trade Dress.

Additionally, 1818 Farms uses astonishingly similar
marketing materials to those created by our client which raises
the inference that 1818 Farms had access to, and intentionally
copied the PISC intellectual properties. By way of example, for
your reference, attached please see a copy of a marketing
photograph from 1818 Farms depicting a substantially similar
display of a PISC photograph featuring toiletries attractively
splayed in front of the paint can with the virtually identical
placement of a paint can bottle opener at the bottom left corner
of each photograph. It seems highly implausible that your client
developed its trademark, trade dress and marketing materials
independently of the Plum Island Soap Company.

We also reject your assertion that our client's "The Man
Can" mark is descriptive. Please note The Man Can trademark is
incontestable pursuant to Section 15 of the Lanham Act, 15
U.S.C. § 1065. By achieving incontestability, "it is
conclusively presumed either that the mark is non-descriptive,
or if descriptive it has acquired secondary meaning." See, J.
Thomas McCarthy, McCarthy on Trademarks & Unfair Competition at
§ 11:44 (citing 15 U.S.C. § 1115(b)). In addition,
incontestability is conclusive evidence of the validity of The
Man Can mark, of the registration of the mark, of PISC's
ownership of the mark, and of PISC's exclusive right to use the
Man Can in commerce on or in connection with toiletries.

We also reject your assertion that any functional aspects
of paint cans constitute de jure functionality for trade dress
purposes. In Qualitex Co. v. Jacobson Products Co., Inc., 514
U.S. 159, the Supreme Court explained that, "[i]n general terms,
a product feature is functional," and cannot serve as a
trademark, "*if it is essential* to the use or purpose of the
article or if it affects the cost or quality of the article,"
that is, if exclusive use of the feature would put competitors
at a significant non-reputation-related disadvantage. Inwood
Laboratories, Inc., supra, 456 U.S., at 850, n. 10, 102 S.Ct.,
at 2186, n. 10 (emphasis, mine).

It is not essential for 1818 Farms to copy PISC's Paint Can
Trade Dress as a container for toiletries. There is nothing
inherent in the shape of the paint can which makes it an
essential feature for the purpose of acting as a container for
toiletries. There are many equally effective methods by which
toiletries may be packaged, including boxes, bags and baskets of
many materials, shapes and sizes. There are innumerable

Jon E. Holland
12/1/17
Page 3

manufacturers, distributors, wholesalers and retailers which
package toiletries without using paint cans.

The attachments to this letter and the links below to
Google searches for "toiletry packaging" reveal hundreds of
options used in the marketplace for packaging toiletries, none
of which feature a paint can. The absence of any third party
using the Paint Can Trade Dress leads to the conclusion that
there is no essential utilitarian function for using paint cans
as containers for toiletries.

https://www.google.com/search?q=toiletry+set+packaging&source=ln
ms&tbm=isch&sa =X&ved=0ahUKEwiV-
fvdgpTXAhUK5iYKHQd1DTcQ_AUICigB&biw=993&bih=599

https://www.google.com/search?tbm=isch&q=toiletry+set+packaging&
chips=q:gift+set+
packaging,g_3:packaging+design&sa=X&ved=0ahUKEwi39pvhgpTXAhXD5iY
KHY41 DTEQ4lYIKygA&biw=993&bih=599&dpr=2

Additionally, with regard to PISC's rights in the Trade
Dress, as I wrote to 1818 Farms in my October 11, 2017 letter,
the United States District Court, District of Massachusetts
recognized the validity of PISC's Paint Can Trade Dress and
issued a permanent injunction against a copycat competitor who
copied the Trade Dress.

With regard to your observation that there are other
parties which use paint cans as containers in commerce for
toiletries, please be advised the efforts of PISC to police and
defend The Man Can trademark and Trade Dress are ongoing. PISC
has successfully defended The Man Can trademark and Paint Can
Trade Dress for toiletries in multiple out-of-court settlements
and will continue to seek to do so.

Finally, your reference to other vendors who use paint cans
as packaging for non-toiletries is inapposite. PISC utilizes the
Paint Can Trade Dress in connection with toiletries, not for
candles, cookies, sausages, or the like.

In light of the foregoing, on behalf of PISC, we hereby
reiterate the demands set forth in our letter of October 11,
2017, that 1818 Farms cease and desist at once using the
designation "Man of the Farm Grooming Can" and the Trade Dress,
and other confusingly similar names, designations and/or trade
dress.

Jon E. Holland
12/1/17
Page 4

At this juncture, subject to the full compliance by 1818 Farms with the demands set forth in my letter of October 11, 2017, we remain willing to settle this matter by entering into a Settlement and Release without the assessment of any monetary damages. Please advise if this is acceptable to 1818 Farms, and I will prepare a Settlement and Release for the parties' execution.

1818 Farms is specifically advised that any failure or delay in complying with these demands will likely compound the damages for which 1818 Farms may be liable. If PISC does not receive a satisfactory and timely response, PISC is prepared to take all steps necessary to protect its valuable intellectual property rights, without further notice to 1818 Farms.

The foregoing is not intended to constitute a complete or exhaustive statement of all facts, rights or claims relating to this matter, nor is it intended, nor should it be construed as a waiver, release or relinquishment of any of our client's rights or remedies, whether legal or equitable, all of which are hereby expressly reserved.

This offer of settlement shall remain open until Friday, December 8, 2017, 5:00 PM EST.

Very truly yours,

David Herlihy

DAH/me

cc   Michele A. Ulchak (via electronic mail)
     Jeffrey Baker, Esq. (via electronic mail)







toiletry set packaging

All    Images    Shopping    News    Videos    More        Settings    Tools        View saved    SafeSearch

packaging design    cardboard packaging    gift box    wooden box    unique    modern chinese    elegant    chinese new ye





































     

   

    

    

    

    

     

















































































































































      

    

    

   

   

    










































































































     

   

   

    

   

    






























































Show more results



    

    

    

    

    

    







































































    

   

    

    

    

    






































































































   

    

   

   

    

   


































































