FILED
2018 Mar-07  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



Exhibit I
Third Demand Letter December 22, 2017

# BAKER & ASSOCIATES

INCLUDING A PROFESSIONAL CORPORATION

SUITE 100
TWO WEST HILL PLACE
BOSTON, MA 02114

TELEPHONE: (617) 573-9505

FACSIMILE: (617) 275-8661
BAKERLAW@AOL.COM

December 22, 2017

**This Settlement Proposal is offered and subject
to the exclusionary rule under the Federal Rules
of Evidence § 408 and is not admissible in
evidence or in any proceeding**

By email: JHolland@maynardcooper.com

Jon E. Holland, Esquire
Maynard Cooper Cale
655 Gallatin St. SW
Huntsville AL 35801

Re:   Trademark Infringement; Plum Island Soap Company, Inc.; the "Man Can" Trademark
      and Trade Dress

Dear Attorney Holland:

Please be advised that this firm represents Plum Island Soap Company, Inc. as litigation counsel in the dispute with your client, 1818 Farms LLC concerning the infringement by 1818 Farms LLC of the Plum Island The Man Can trademark and trade dress.

There is little doubt that your client was aware of our client's The Man Can mark and trade dress and intentionally adopted a confusingly similar mark, identical trade dress and virtually identical marketing materials for its toiletries products. After a review of your client's new, proposed canister trade dress and identifying trademarks, we still believe that your client is continuing to try to ride on the coattails of our client's good will and public recognition of its Man Can mark and trade dress. Moreover, the advertising your client has engaged in previously makes clear that your client has copied my client's trademark and trade dress. This fact, if proved, would give rise to a finding of intentional infringement and the award of both attorney's fees and a punitive award of damages which my client intends to pursue.

My client rejects your proposal and has decided to pursue a settlement along different lines. All discussions concerning any prior terms of resolution are hereby revoked.

Accordingly, demand is hereby made for the following terms and conditions of full settlement along the following terms and conditions to be outlined hereinbelow. In the absence of an agreement concerning the same, we are left with no choice but to promptly commence suit,

seeking, inter alia, recovery of damages, attorneys' fees, and also the grant of permanent injunction prohibiting any further use of any confusingly similar mark or trade dress.

The following sets forth the material terms of an offer to settle the dispute between 1818 Farms and Plum Island Soap Company.  As was previously explained to you, the following terms and conditions are typical of our settlements in defense of our intellectual property:

1.  1818 Farms will tender a lump sum payment of fifteen thousand dollars ($15,000.00), payable to the Plum Island Soap Company;

2.  1818 Farms will acknowledge the validity of Plum Island Soap Company's Trade Dress ("Trade Dress");

3.  1818 Farms will agree to be permanently enjoined from all further use of the Trade Dress and Man Can trademark and any other designations likely to cause confusion with Plum Island Soap Company's trademarks and Trade Dress ("Plum Island IP");

4.  In the event 1818 Farms violates the injunction against the use of the Plum Island IP, or if Plum Island has to enforce the terms of the settlement agreement, 1818 Farms will be responsible for all costs and attorney's fees incurred by Plum Island Soap Company, including a liquidated damages payment of seventy-five thousand dollars ($75,000.00);

5.  Each party shall release the other party from all claims, agree to keep the details of this settlement confidential, and not make any public disparaging comments regarding the other party;

6.  The principals of 1818 Farms will also enter into the Settlement in their capacity as individuals; This is a letter of intent and shall become binding; the parties agree however to negotiate and execute a settlement agreement.

   Plum Island reserves the right to supplement and/or amend and modify this proposal. This offer of settlement shall remain open until Thursday, December 29, 2017, at 12 pm. EST. You have such time to accept these terms in principle, and then a more comprehensive settlement agreement shall at that time be negotiated and entered into, incorporating theses terms.

        Please advise.

                                                    Very truly yours,

                                                    Jeffrey S. Baker, Esquire

Cc:    Michele Diodati, Pres.
       David Herlihy, Esq.